ADAMS, J.
(dissenting).—I find myself unable to concur in the views expressed in the prevailing opinion in this case, and which have resulted in framing certain issues of fact to be tried by a jury, as provided by section 2588 of the Code of Civil Pro- ■ cedure. In my view of the matter, no other conclusion could or • should have been reached in this case, upon the evidence which is furnished by the record, than the one adopted by the surro- - gate of Niagara County ; and therefore I can see no propriety in subjecting the estate of th‘e decedent to the additional expense of another trial. A careful reading of the evidence in the case conveys to my mind very clearly the impression that - the instrument propounded as the last will and testament of' Peter McGraw is in no sense what it purports to be; for, at-the time it was executed by Peter McGraw, he was, apparently,. utterly incapable of making any valid disposition of his prop-erty; and, moreover, this instrument appears to have been drawn up under the supervision and direction of one Joseph McDonald, wh'o was obviously acting in the interests of' James H. McGraw, a brother of the deceased, and the principal. beneficiary under his pretended last will and testament, and,, *881 after the instrument had been thus drawn up and reduced to form, it was presented for execution to a man who was described by the scrivener as, as sick a man as he ever saw. That Peter JVIcG-raw was in extremis at this time is denied by no one; and, after reading the testimony in the case, I am unable to see how it can be seriously claimed that he had any intelligent appreciation of the contents of the paper, to which he was unable to affix his signature. Therefore it is that I am entirely satisfied, without the intervention of the jury, with regard to every essential fact in the case, and conclude that the decree of the surrogate, refusing probate to the instrument propounded, ought to be affirmed.
GREEISF, J.—I concur in the foregoing memorandum.